BOLIN, Judge.
Eddie O. Branton filed suit against Darwin E. Goldsmith on March 18, 1970, for damages for personal injuries. In addition to contesting the principal demand Goldsmith caused Government Employees Insurance Company, his home owner’s liability insurer, to be made a third party defendant.
Government Employees filed a motion for summary judgment asking to be dismissed from the suit on the basis of an exclusionary clause in its policy. This motion was sustained and summary judgment was signed October 16, 1970, and served on Goldsmith October 23, 1970. No application for a new trial was filed. Goldsmith, through his attorney of record, asked for *845 and was granted a devolutive appeal. Appeal bond was filed February 8, 1971. Government Employees filed a motion in this court to dismiss the appeal because it was not timely perfected since the bond was filed more than ninety days from the expiration of the delay of three days allowed for asking for a new trial, as provided by Louisiana Code of Civil Procedure Article 1974.
Louisiana Code of Civil Procedure Article 2087 provides in part:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely; * * *.”
Under the clear provisions of the quoted article and the cases decided thereunder, the devolutive appeal was not timely perfected and this court never acquired jurisdiction of the appeal.
This appeal is dismissed at appellant’s cost.